**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1776-18T1

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR MORGAN STANLEY
MORTGAGE LOAN TRUST
2005-5AR MORTGAGE PASS-
THROUGH CERTIFICATES,
SERIES 2005-5AR,

      Plaintiff-Respondent,

v.

JUDITH J. SULLIVAN, a/k/a
JUDITH SULLIVAN and
MR. JUDITH J. SULLIVAN,
her husband,

      Defendant-Appellant,

and

BANK OF AMERICA, NA,
RAMAPO RIVER RESERVE
HOMEOWNERS ASSOCIATION,
INC., UNITED STATES OF
AMERICA, CAPASSO PLUMBING
& HEATING, STATE OF NEW
JERSEY, DISCOVER BANK,
and TOBIN & COLLINS, PA,

Defendants.

_____

Submitted January 8, 2020 – Decided January 23, 2020

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-023053-16.

Judith J. Sullivan, appellant pro se.

Sandelands Eyet LLP, attorneys for respondent (Suzanne Q. Chamberlin, of counsel and on the brief).

PER CURIAM

In this residential foreclosure action, defendant Judith J. Sullivan appeals from a November 30, 2018 order denying her motion to vacate final judgment. Defendant contends the trial court erred in permitting judgment to be entered prematurely in favor of plaintiff Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Mortgage Loan Trust 2005-5AR Mortgage Pass-Through Certificates, Series 2005-5AR (Deutsche Bank), without conducting an evidentiary hearing regarding the amount due. Defendant also claims the trial

judge ignored a prior loan modification she had executed in 2008.[1] We find these claims lacking in merit and affirm.

In April 2005, defendant borrowed $1,095,000 from Countrywide Home Loans, Inc. and signed a mortgage and note evidencing the debt. The note and mortgage ultimately were assigned to Deutsche Bank in 2016. In the interim, defendant's loan was modified by agreement in April 2008. Despite the negotiated modification, defendant defaulted on the loan in August 2008. Deutsche Bank asserts defendant has made no payment on her loan since August 2008.

Deutsche Bank filed a foreclosure complaint in 2016 and moved for summary judgment in 2017. In response to the summary judgment motion, defendant cross-moved to compel discovery. The trial court granted summary judgment and struck defendant's answer by order of June 23, 2017. The trial court explained Deutsche Bank's predecessor-in-interest had obtained summary judgment in a prior foreclosure action, so defendant was not permitted to re-litigate issues previously decided. Moreover, the trial judge found defendant defaulted on her loan on August 1, 2008 and remained in default. Accordingly,

---

[1] Defendant has asserted she received an additional modification in 2010 but does not cite to any part of the record in support of that claim.

A-1776-18T1

Deutsche Bank was allowed to proceed on an uncontested basis before the Clerk of the Superior Court, Office of Foreclosure. Defendant moved for reconsideration of this order and requested that plaintiff be compelled to participate in mediation. Both requests were denied.

Next, Deutsche Bank filed a motion to permit entry of final judgment, notwithstanding that the 2008 loan modification was not referenced in the complaint. Defendant objected, arguing plaintiff's complaint made no reference to the loan modification, but Deutsche Bank countered that her default had occurred after that modification. Deutsche Bank's motion was granted in November 2017, and the trial judge observed, "no prejudice will result to defendant as plaintiff, at the time it seeks final judgment, will need to provide a schedule of the amount due, demonstrating a proper accounting of the principal balance, interest charges, and all other expenses owed on the property." The judge also noted defendant could contest the amount due by making a "specific challenge."

In November 2017, based on the age of the case, the Office of Foreclosure held a mediation session, following which defendant was ordered to provide Deutsche Bank with an itemized list of the specific charges she challenged. After two unsuccessful sessions, mediation was suspended to allow the parties

A-1776-18T1

to file motions to resolve the disputed amount due plaintiff and to address other factual issues.

In May 2018, plaintiff served defendant with a notice to cure her default. There is no indication in the record that defendant responded to this notice. Accordingly, Deutsche Bank moved for final judgment, advising defendant she had ten days within which to file any opposition or objection. No timely objection was received and on June 14, 2018, final judgment was entered in plaintiff's favor in the sum of $1,962,729.75. No appeal was taken from this order.

On June 26, 2018, defendant belatedly filed an objection with the Office of Foreclosure, challenging the amount due plaintiff. Nearly one month later, she filed a motion to vacate judgment. Relying on Rules 4:50-1 and 4:64-1, defendant claimed plaintiff proceeded in bad faith, that plaintiff was not the holder of the loan, and the principal amount and interest due under the loan was calculated incorrectly. She also contested the additional fees imposed and asserted the affidavit of the amount due was "inadmissible hearsay." Moreover, she certified she was "confused" by the myriad of corrections, refilings and withdrawals of pleadings at the end of the litigation, stating, "[w]hether the court

A-1776-18T1

calls it excusable neglect, mistake or inadvertence, I demonstrate I was unsure about what was happening."

The trial court heard oral argument on defendant's motion to vacate. Notwithstanding the many opportunities afforded to her throughout the case, the trial court permitted defendant to further discuss the calculation of the amount due to Deutsche Bank. Plaintiff maintained its calculations were correct, with the possible exception of one "line item." On that item, however, plaintiff acknowledged it would not expend additional time and expense to prove defendant owed about $44,000 in contested fees.

Ultimately, defendant did not outline any specific objections to the remainder of what plaintiff claimed she owed Deutsche Bank. Instead, her attorney conceded he did not have "full proofs" to demonstrate certain figures provided by plaintiff were wrong. The trial court interjected that "today is the day for proofs."

After defendant's attorney admitted his proofs were insufficient, he discussed the general difficulties facing property owners when banks mistakenly calculate the amount owed on a loan. Defendant's attorney suggested the remedy for the banking industry's "symptomatic [ ] cloud on the entire [foreclosure] process was to vacate [Deutsche Bank's] final judgment." The motion judge

rejected this suggestion. The judge found plaintiff provided the requested supplemental accounting for the amount owed on the mortgage, whereas defendant offered no proofs in opposition to Deutsche Bank's calculations and did not object to the amount due when plaintiff applied for final judgment. Accordingly, the judge denied defendant's motion to vacate, triggering the instant appeal.

Rule 4:50–1 is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Mancini v. EDS, 132 N.J. 330, 334 (1993)). A decision to vacate a judgment lies within the sound discretion of the trial judge, guided by principles of equity. Housing Auth. of Town of Morristown v. Little, 135 N.J. 274, 283 (1994).

Motions to vacate a judgment under Rule 4:50-1 are granted sparingly and reviewed by appellate courts under an abuse of discretion standard. Guillaume, 209 N.J. at 467. A trial court abuses its discretion if a decision lacks "rational explanation," "represents an inexplicable departure from established policies," or rests on "an impermissible basis." Ibid.

Here, we perceive no basis to disturb the trial judge's denial of defendant's motion to vacate, particularly since she did not advance any meritorious defenses to the foreclosure action. The trial judge properly found defendant failed to demonstrate mistake, inadvertence, surprise, or excusable neglect under Rule 4:50-1(a). We note "excusable neglect" does not include confusion over communications regarding a loan modification, especially when there have been repeated notices regarding an ongoing foreclosure action. Guillaume, 209 N.J. at 468-69. The trial judge also properly found defendant did not establish any other basis for relief under Rule 4:50-1, including the existence of exceptional circumstances. R. 4:50-1(f). Even defendant's renewed hearsay objection, much like the hearsay objection addressed in the June 23, 2017 order, does not provide a foundation for a finding of "exceptional circumstances" under Rule 4:50-1(f). Guillaume, 209 N.J. at 468.

Defendant also asserts she was entitled to relief because she received insufficient notice before the court entered final judgment. This argument lacks merit. Rule 4:64-1(d)(4) requires ten days' notice before a court may enter final judgment if there are no other encumbrancers and thirty days' notice if there are other encumbrancers. Defendant maintains she received only ten days' notice

but was entitled to thirty days' notice due to the existence of other encumbrancers. However, she provided no proof of other encumbrancers.

Defendant further contends the trial court erred when it did not afford her an evidentiary hearing on her motion to vacate. We are not persuaded. The need for such a hearing arises when a defendant timely objects to the entry of final judgment. The record confirms defendant did not timely object to the entry of final judgment, although she had enough time before final judgment was entered to specifically challenge Deutsche Bank's calculation of the amount due. Again, the trial court made clear in the June 23, 2017 summary judgment ruling that defendant would not be prejudiced by the decision because she still could raise specific challenges to the bank's calculations. However, defendant did not advance any specific challenges to Deutsche Bank's calculations and her attorney conceded during argument on the motion to vacate that defendant's proofs were insufficient. Under these circumstances, no evidentiary hearing was required.

The remainder of defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)E.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9